IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PIERRE JOHNNY, | : | |
| Petitioner | : | Civil Action No. 1:12-cv-00462 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| ERIC H. HOLDER, et al., | : | |
| Respondents | : | |

## MEMORANDUM ORDER

**I. BACKGROUND**

Petitioner Pierre Johnny ("Johnny"), a former detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who was confined at the York County Prison, Pennsylvania, commenced the above-captioned action pro se by filing a petition for writ of habeas corpus under the provision of 28 U.S.C. § 2241. (Doc. No. 1.) In the petition, he challenged his continued detention by ICE under Zadvydas v. Davis, 533 U.S. 678 (2001), pending his removal from the United States, and he sought his immediate release from custody under reasonable conditions of supervision.

By order dated May 2, 2012, the Court directed service of the petition on Respondents and directed Respondents to file an answer to the petition within twenty-one days. (Doc. No. 7.) Following an extension of time, a response to the petition was filed on June 14, 2012. (Doc. No. 12.) On June 27, 2012, Johnny submitted his traverse. (Doc. No. 13.) On July 25, 2012, Respondents filed a Notice of Suggestion of Mootness informing this Court that Johnny was removed from the United States and deported to Haiti on July 18, 2012. (Doc. No. 14.) Attached to the Notice is a computerized print-out of the ICE Case Summary Sheet for Pierre that verifies his removal. (Doc. No. 14-1.) Based on the foregoing, Respondents seek the dismissal of the pending habeas petition as moot.

**II.     DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. Burke v. Gonzales, 143 F. App'x 474 (3d Cir. 2005); Gopaul v. McElroy, 115 F. App'x 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. See Lindaastuty v. Attorney General, 186 F. App'x 294 (3d Cir. 2006).

In the instant case, because Johnny has been removed from the United States to Haiti, his request for release from ICE custody is entirely moot, and the dismissal of his petition as moot is proper.

**ACCORDINGLY**, on this 27th day of July 2012, **IT IS HEREBY ORDERED THAT** the petition for writ of habeas corpus (Doc. No. 1) is **DENIED AS MOOT**, and the Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
